The document below is hereby signed.

Signed: August 5, 2019



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
NEW PITTS PLACE, LLC,              )    Case No. 18-00527
                                   )       (Chapter 11)
                    Debtor.        )    Not for publication in
                                   )    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL

Hunterview Condominium Association ("Hunterview"), a creditor in this bankruptcy case, filed *Creditor Hunterview Condominium Association's Motion to Compel Discovery* ("*Motion to Compel*") (Dkt. No. 96) wherein it seeks to compel the debtor to respond to its discovery requests. The debtor opposes the *Motion to Compel* because Hunterview's discovery requests were untimely filed, so that the date responses were due fell outside the discovery period under the court's *Scheduling Order re Debtor's Objection to Amended Secured Claims of Hunterview Condominium Association* ("*Scheduling Order*") (Dkt. No. 74). For the following reasons, the *Motion to Compel* will be denied.

I

The debtor filed an *Objection to Claims of Hunterview Condominium Association [Claims 3-1, 4-1 5-1, 6-1 and 7-1]* (Dkt. No. 49) on January 27, 2019.  Hunterview responded by filing amended proofs of claim on February 4, 2019.  The debtor then filed its *Objection to Amended Claims of Hunterview Condominium Association [Claims 3-2, 4-2 5-2, 6-2 and 7-2]* ("*Objection to Claims*") (Dkt. No. 65) on March 13, 2019.  A scheduling conference was held on March 14, 2019, where Hunterview asked for a generous amount of time for discovery because Hunterview's counsel was counsel in a multi-witness trial, expected to last several weeks, in the end of April 2019.  The debtor agreed to a generous amount of time, although the court initially suggested that Hunterview find other counsel to participate in the discovery, and a schedule was suggested that the parties agreed to.

The *Scheduling Order*, memorializing the schedule set at the scheduling conference, was entered on April 4, 2019.  The scheduling order set July 10, 2019, as the deadline for discovery to be completed.  It further granted Hunterview an extension of time to respond to debtor's discovery requests by having the response time begin to run on April 11, 2019.

Hunterview submitted its discovery requests on June 12, 2019, making the due date for response, pursuant to Federal Rules

of Bankruptcy Procedure 7033, 7034, and 9006(f), July 15, 2019, five days after the discovery period ended. Hunterview never filed a motion to extend the discovery period. The debtor did not respond to Hunterview's discovery requests. Hunterview's counsel had a conference with the debtor's counsel to seek resolution of the disagreement. The debtor's counsel said that the debtor would not respond to discovery requests and would "vigorously defend" against a motion to compel. Hunterview filed its *Motion to Compel* on July 16, 2019.

Hunterview's counsel asserts that she was unable to submit discovery requests sooner because of trial actions and other hearings that came up unexpectedly, which hearings required her to withdraw from two other matters she was working on.

II

Under Fed. R. Civ. P. 16(b)(4), made applicable by Fed. R. Bankr. P. 7016, "[a] schedule may be modified only for good cause and with the judge's consent." Counsel do not have unilateral authority to agree to changes to a court's scheduling order. *Olgyay v. Society for Environmental Graphic Design, Inc.*, 169 F.R.D. 219 (D.D.C. 1996). As the court in *Olgyay* explained regarding Rule 16(b):

> The purpose of these Rules is to promote the ability of the Court to manage cases, to develop "a sound plan to govern the particular case from start to finish" and to "set[] and keep[ ] firm pretrial and trial dates." *Final Report of the Civil Justice Reform Act Advisory Group of the United States District Court for the District of*

3

> *Columbia* 37-39 (Aug. 1993). The scheduling order that results from this process is intended to serve "as the unalterable road map (absent good cause) for the remainder of the case." Id. at 39. As the Advisory Group noted:
>
>> The Advisory Group believes that from this point forward, the parties and their counsel should be bound by the dates specified in any first scheduling or other scheduling order, and that no extensions or continuances should be granted, except on a timely showing of good cause. Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause.
>>
>> Once the schedule is set at the scheduling conference, the presumption should be firmly against the granting of continuances. If good cause is shown, a reasonable extension of time for a particular purpose may be granted by the Court; stipulations by the parties should not be accepted in the absence of good cause.
>
> Id. at 41.

169 F.R.D. at 220. The court will primarily consider a party's diligence in seeking discovery when determining whether there is good cause to reopen discovery. *Lopez v. Timeco Inc.*, 291 F. Supp. 3d 1, 3 (D.D.C. 2017). "Other factors include whether trial is imminent, whether the non-moving party consents, whether the non-moving party would be prejudiced, the foreseeability of the need for additional discovery given the time allotted by the court, and the likelihood that the discovery sought will lead to relevant evidence." *Id.* "Deciding whether to extend discovery is within the sound discretion of the trial court." *Barnes v. District of Columbia*, 289 F.R.D. 1, 7 (D.D.C. 2012).

4

The debtor was under no obligation, and actually had no authority, to extend the discovery period in order to respond to Hunterview's untimely discovery requests outside the discovery period set by the *Scheduling Order*. Nor was the debtor under any obligation to waive its right to 30 days to respond to Hunterview's discovery requests. The issue then is whether Hunterview has shown good cause to reopen the discovery period. It has not.

Hunterview did not make a timely showing of good cause. Hunterview knew that it had filed its discovery requests too late in the discovery period for the response time to be within the discovery deadline. Counsel should have, at that time, filed a motion seeking an extension of the deadline for completing discovery. An extension of five days, under the causes presented by Hunterview, might have been granted. However, Hunterview never filed a motion to extend the deadline. Instead, it waited until six days after the discovery completion deadline had already ended, a day before exhibits and witness lists were due, and only 22 days before the pretrial conference, to file the *Motion to Compel*. If an extension of the deadline to complete discovery were granted based on that *Motion to Compel* (which, in any event, was *not* a motion to extend the deadline), Hunterview would effectively obtain an extension of time, well in excess of a month. Such an extension, under these circumstances, is not

reasonable.

    Hunterview's *Motion to Compel* indicates that its counsel was spreading herself too thin. The court suggested at the scheduling hearing that Hunterview ought to consider whether to hire other counsel to conduct discovery if its counsel was too busy. Hunterview elected to keep its counsel, with her burdensome schedule, agreed to the schedule set forth in the *Scheduling Order*, and failed to obtain the assistance of additional counsel when its counsel became too busy to timely serve discovery. This does not show diligence in conducting discovery.

    Good cause has not been met when considering the other factors that courts consider when deciding good cause to reopen discovery. A trial may not be imminent, insofar as the trial date is not set, but the pretrial conference is tomorrow, and the debtor is entitled to have this matter resolved within a reasonable period of time. An extension of time, when there was no fault of the debtor, is not reasonable. The debtor objects to reopening of discovery and would be prejudiced by preventing it from obtaining a prompt resolution of this matter for the efficient administration of its confirmed plan. Additionally, as has already been established, Hunterview saw the foreseeability of needing an extension of time when it failed to timely file its discovery requests, but failed to take any steps to extend the

6

discovery period in a reasonable period of time.

Some of Hunterview's discovery seeks irrelevant information. The court does recognize that as to other parts of the discovery, some relevant evidence might be obtained by reopening of discovery and permitting Hunterview to obtain responses to its discovery requests. However, as explained below, Hunterview is not being substantially prejudiced in not obtaining discovery in advance of trial regarding the objection to its claim.

The court is granting the debtor's motion for partial summary judgment as to certain issues. As to the issues that will remain, the burden of rebutting the prima facie validity of Hunterview's proof of claim is on the debtor. Hunterview can present its own evidence on the remaining issues, matters as to which Hunterview should have knowledge (unless Hunterview will be barred from doing so based on its failure to file a list of exhibits and witnesses, an issue that does not go to whether the court should enlarge the time for the completion of discovery). Of the remaining issues:

- One issue is a $50 assessment increase. Hunterview should know whether it gave proper notice of the increase of assessments from $200 to $250, and has submitted a letter dated February 24, 2014, purportedly sent to condominium owners, that dealt with that matter.

7

- A second issue is a setoff defense based on lost rents for one unit caused by overflowing sewage. The debtor has already included as part of its objection to claim a copy of the tenant's letter requesting termination of the lease, and Hunterview undoubtedly knows whether the unit was ever re-let after the debtor agreed to termination of that tenant's lease.

- A third issue is the debtor's assertion that Hunterview incorrectly calculated by $1,600.00 the amount of the payments made by the debtor. The debtor bears the burden of showing how much the debtor paid, and Hunterview undoubtedly has been in a position to know what payments it received.

- A fourth issue is the debtor's objection that the claims include exaggerated and unreasonable amounts of attorneys' fees, collection and administrative costs, but if the debtor presents evidence showing unreasonableness, Hunterview surely has been in a position, without the need for discovery, to demonstrate that the amounts are instead reasonable (if in fact they are reasonable).

- Finally, the debtor objected that Hunterview's claims included insufficient documentation to permit the debtor to assess the validity of the claims.

8

Hunterview does not need discovery to respond to that objection.

For all of these reasons, Hunterview has not shown good cause to relieve it from the deadline for completing discovery. It follows that its *Motion to Compel* relates to discovery for which no response was required.

III

For the foregoing reasons, it is

ORDERED that *Creditor Hunterview Condominium Association's Motion to Compel Discovery* (Dkt. No. 96) is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.